IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LORIE PARKS** | : |
| | : |
| v. | : No. 05-460(KAJ) |
| | : |
| **ACME MARKETS, INC.** | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ACME MARKETS, INC.

Defendant Acme Markets, Inc. ("Defendant" or "Acme") hereby answers the Complaint of Lorie Parks in accordance with the numbered paragraphs thereof as follows:

1. Defendant admits that Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 for employment discrimination, that the Court has original jurisdiction to hear these federal claims, and that Plaintiff seeks equitable and other relief pursuant to 42 U.S.C. § 2000(e)-5(g). Defendant denies that it has violated any laws, and denies that Plaintiff is entitled to any relief.

2. Defendant admits that its records reflect that Plaintiff resides at the address listed in this paragraph.

3. There are no allegations in this paragraph to which a response is necessary.

4. Defendant admits that Plaintiff was employed by Defendant at its store located at 4720 Limestone Road, Wilmington, DE, 19808. Defendant denies that Plaintiff was subjected to any discriminatory conduct.

5. Defendant denies that Plaintiff was subjected to any discriminatory conduct.

6. Defendant denies that Plaintiff was subjected to any discriminatory conduct.

7. Defendant admits that Plaintiff filed a charge with the Department of Labor for the State of Delaware, but Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and as such they are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied. Defendant admits that a right to sue letter was issued by the Equal Employment Opportunity Commission.

9. Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Dismissal and Right to Sue Letter which bears the date April 5, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and as such they are denied.

10. Defendant admits that Plaintiff in this Complaint claims that the termination of her employment was discriminatory. Defendant denies that it discriminated against Plaintiff and denies that she is entitled to any relief.

11. Defendant admits that Plaintiff in this Complaint claims that Defendant discriminated against her on the basis of her sex. Defendant denies that it discriminated against Plaintiff and denies that she is entitled to any relief.

12. Defendant admits that Plaintiff attaches a copy of a Charge of Discrimination to her Complaint. Defendant admits that Plaintiff is female and was employed by Defendant in Delaware, and that she and two other females were terminated for a violation of

Defendant's time clock policy. The remaining allegations in the Charge of Discrimination are denied.

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

Defendant denies the allegations in the un-numbered "Therefore" clause that Plaintiff is entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because in every employment decision challenged herein, Defendant acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any discriminatory or statutorily impermissible factors.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint, to the extent they exceed the termination of Plaintiff's employment, may be barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant at all times made good faith efforts to comply with the law and any actions taken with respect to Plaintiff were done without malice or reckless indifference to her federally protected rights .

## FIFTH AFFIRMATIVE DEFENSE

The claims and damages asserted in the Complaint are barred in whole or in part by the exclusivity provisions of the Pennsylvania Workers' Compensation Act.

x

SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint may be preempted in whole or in part by the Labor Management Relations Act, 29 U.S.C. §185 et seq.

SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint may be barred in whole or in part by the doctrines of laches, waiver, estoppel and/or unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief may be barred in whole or in part by the doctrine of after-acquired evidence.

NINTH AFFIRMATIVE DEFENSE

Defendant had in effect, at all material times, an equal employment opportunity policy and an anti-harassment policy which prohibited all forms of employment discrimination, including sex discrimination and harassment. Further, Defendant has steadfastly enforced such policies by taking affirmative steps to try to prevent such actions from occurring or having been advised of allegations regarding the same, has investigated all such claims when management was so advised and has taken strong remedial action when justified.

TENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint may be barred in whole or in part because of the failure of Plaintiff to mitigate alleged damages.

RESERVATION OF RIGHTS

Defendant reserves the right to amend or add additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, Defendant Acme Markets, Inc. respectfully requests that the Complaint be dismissed with prejudice, and judgment entered in favor of Defendant and against

Plaintiff, and that Defendant be awarded its costs, attorneys' fees and any other relief the Court deems appropriate.

                                            Respectfully submitted,

                                            /s/ Mark R. Owens
                                            Mark R. Owens, I.D. #4364
                                            KLETT ROONEY LIEBER & SCHORLING,
                                            A Professional Corporation
                                            The Brandywine Building
                                            1000 West Street, Suite 1410
                                            Wilmington, DE  19801
                                            Telephone:  (302) 552-4200
                                            Facsimile:  (302) 552-4295

Dated:  November 11, 2005                     Attorneys for Defendant